## Smith Estate

Before Sinkler, P. J., Klein, Bolger, Hunter and Boland, JJ.

*Howard H. Yocum*, for exceptants.

*Freeman & Fox, Edmund B. Spaeth, Jr.*, and *Philip A. Bregy*, for *MacCoy, Evans & Lewis*, contra.

HUNTER, J., November 3, 1950.—These exceptions raise the question as to the validity of the trust under the rule against perpetuities and the application of Harrah Estate, 364 Pa. 451, the decision in which was handed down by the Supreme Court after the auditing judge had prepared his adjudication.

Testator died September 23, 1881, and by items VI and VII of his will gave his interests in certain cemetery companies in trust to pay the income to his children, Lloyd, Elizabeth, Robert and Horace, and the children of any deceased, further providing:

". . . Upon the decease of the survivor of them the said Lloyd, Elizabeth, Robert and Horace then to continue to pay the said annual income and dividends unto all the surviving children of such of them the said Lloyd, Elizabeth, Robert and Horace as shall leave surviving children share and share alike, per stirpes and not per capita . . . And upon the death of any of my aforesaid grandchildren, then to hold her or his share of the said trust monies and estate to the use of such person or persons as he or she by will may appoint and in default of testamentary appointment, then to the use of his or her next of kin."

Lloyd and Elizabeth died without issue. Robert died in 1898 and Horace in 1906, each leaving three children. All six of these grandchildren were born in the lifetime of testator, their grandfather, but there was the possibility at the death of testator that the class of grandchildren might be increased by the birth of other grandchildren. As stated, none such were born.

The complicated history of this trust is recited in the adjudication. It is sufficient for the purposes of this opinion to say that Mary Whitnal Berenson and Lloyd Logan Pearsall Smith, two of the grandchildren, have died, leaving wills which are an exercise of their powers of appointment.

The auditing judge ruled that the remainders to the appointees or next of kin of grandchildren living at testator's death were not separable from the remainder to the appointees or next of kin of a hypothetical afterborn grandchild, and all were void under the rule against perpetuities.

In Harrah Estate, 364 Pa. 451, testator created a trust with income payable to a son for life, and thereafter to the son's children, and upon the death of any of the children, to distribute such child's share of the principal to his or her heirs. The son had four children, all born in the lifetime of testator. No children were born thereafter.

The Supreme Court followed the English case of Cattlin v. Brown, 11 Hare 372, 68 Eng. Rep. 1319 (1853), as incorporated in A. L. I. Restatement of the Law of Property §389, and held that the remainders to the grandchildren living when testator died were separable from the remainder to the heirs of a possibly afterborn grandchild. The rule adopted, as stated by Gray in his Rule Against Perpetuities (4th ed., §391) is:

"When, on a gift to a class, the number of the shares is definitely fixed within the time required by the rule against perpetuities, the question of remoteness is to be considered with reference to each share separately."

In Harrah Estate the number of shares was definitely fixed at the death of testator's son which was well within the period of the rule. It was then possible to divide the disposition into separate limitations, and determine which were good and which were bad.

Under the facts in Harrah Estate a perfect result was obtained, because all grandchildren were born in testator's lifetime and the whole of testator's disposition could be sustained; and the same is true in the instant case. The principle of separation in gifts to a class may not always bring equitable results, because

the striking down of a void share and its devolution to other residuary legatees or next of kin, may bring double portions or preferences to some members of testator's family, and perhaps the entire exclusion of others. As indicated by the wide approval of separation in gifts to a class, experience seems to show that it works well in the greatest number of cases, and since the decision in Harrah Estate, it is definitely the law of Pennsylvania.

It is argued in support of the adjudication that the rule of Cattlin v. Brown and A. L. I. Restatement of the Law of Property §389, adopted in Harrah Estate, is limited to cases where the remainder is given to issue or heirs of each secondary life tenant; that the present will differs in an important respect in that testator gave to each grandchild *a general testamentary power of appointment* preceding the gift in default of appointment to its next of kin.

It is true that in the facts of these cited authorities there is no power of appointment, but neither is it stated that the presence or absence of a power would affect the application of the rule.

A power of appointment is void only when it may be exercised at a time beyond the period of the rule against perpetuities. If properly created, the possibility that it may be exercised in a manner which violates the rule does not render the power bad. The question is the appointment which in fact is made: Warren's Estate, 320 Pa. 112.

The presence of a power of appointment in this testator's will adds no complication. As to the separated share of each grandchild born in the lifetime of testator, it is a simple life estate, with power to appoint by will, or in default to next of kin. Separation of shares can readily be made whether or not there is a power of appointment.

In our opinion Harrah Estate, 364 Pa. 451, controls the disposition of this case.

The exceptions are sustained and the adjudication is modified accordingly.